**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **Valtrus Innovations, Ltd. and** | § | |
| **Key Patent Innovations, Ltd.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 2:26-cv-00286** |
| | § | |
| **EvoDC, LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant EvoDC, LLC ("Evocative") and, in support, allege the following:

## PARTIES

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. HPE's worldwide corporate headquarters is located in Houston, Texas. One of HPE's primary U.S. facilities is located in Plano, Texas.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of

Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Evocative is a limited liability company organized and existing under the laws of the State of California. On information and belief, Evocative can be served with process at CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

## ASSERTED PATENTS

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent) and 6,868,682 (the '682 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The '287 Patent, entitled "Cooling System," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

7. The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9. The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

**JURISDICTION AND VENUE**

10.    This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

11.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.    Evocative operates two data centers in this District. Evocative operates its DAL1 facility at 2800 Summit Ave, Plano, TX, and its DAL6 facility at 1221 Coit Rd., Plano, TX.[1]

13.    This Court has general and specific personal jurisdiction over Evocative. Evocative operates two data centers in this District at its DAL1 and DAL6 facilities. Evocative also advertises additional points of presence in Dallas, Texas.[2] Evocative has maintained offices, employees, and business operations in Texas, and has therefore purposefully availed itself of the privileges of conducting business in Texas and has minimum contacts with the State of Texas. The exercise of personal jurisdiction is proper under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042, and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Evocative because, on information and belief, it has performed methods in its Texas data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with Texas.

14.    Venue is proper in this District under 28 U.S.C. § 1400(b). Evocative has a regular and established place of business in this District at its DAL1 and DAL6 facilities. On information and belief, Evocative has committed acts of infringement in this District at these facilities.

---

[1] https://evocative.com/data-centers/plano-tx-data-center-dal1/; https://evocative.com/data-centers/dallas-tx-data-center-dal6/.
[2] https://evocative.com/data-centers/

**DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT**

15.    Evocative owns and operates a number of data centers across the United States. For example, Evocative advertises operating 13 data centers in the United States.[3] Evocative's data centers implement cooling equipment from various suppliers, and Evocative used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

16.    In particular, Evocative has used cooling equipment from Vertiv Corporation in its data centers. For example, public articles described Evocative's installation of Liebert cooling units in its U.S. data centers:

> Currently, Evocative is overseeing the installation of two new Liebert DSE 85 high-efficiency precision cooling systems in their San Jose data center.
>
> "Because of this retrofit PUE levels in San Jose are predicted to be 40% more efficient between the late spring and summer months," States VP of Data Center Operations Jay Smith, "and up to 1000% more efficient in the winter months."
>
> With a similar function to Emeryville's airside economizers, the DSE 85 systems utilize a pumped refrigerant economizer that varies cooling and airflow in translation to data center workload requirements all without the use of water. This not only reduces cost, but it increases overall facility efficiency while saving billions of gallons of water each year.
>
> Evocative is very excited about its green initiative, with many anticipated changes to come by the year 2020, including the addition of four more Liebert DSE 85 systems in San Jose, and the replacement of existing AC systems in their Virginia data center. These retrofits to their aging data center infrastructure affirm that Evocative is taking the pivotal steps necessary in being a more eco-friendly, forward-thinking, Data Center Operator.

https://www.prweb.com/releases/evocative_data_centers_bolsters_its_green_energy_initiative_significantly_reducing_pue_in_its_silicon_valley_facilities/prweb16503554.htm

17.    Additional Vertiv cooling equipment can be seen in Evocative's video tours at its data centers:

---

[3] https://evocative.com/data-centers/

4



https://www.youtube.com/watch?v=LgjYmKqLGww

18.     Evocative has also used cooling equipment from Trane in its data centers. For example, Evocative's website shows images of Trane cooling equipment in Evocative's data centers:



https://evocative.com/data-centers/santa-clara-ca-data-center-sjc11/

19.     On information and belief, Evocative may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the Asserted Patents, including, for example, Stulz, DataAire, and Schneider Electric. On

information and belief, Evocative may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

20.     Valtrus notified Evocative of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute prior to bringing this case.

21.     On January 13, 2025, Valtrus sent a letter to Tony Hansel, Evocative's General Counsel, informing Evocative about its patent portfolio and offering an opportunity to license the patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the Asserted Patents. The letter also noted that Valtrus had incomplete information regarding the products and methods used by Evocative in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Evocative to confirm the scope and extent of Evocative's infringement. Evocative did not respond to Valtrus's letter.

22.     In the declaratory judgment litigation pending between Valtrus and Vertiv, *see Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907, (E.D. Tex.), where Vertiv has stated repeatedly that it will be liable for any judgment against its customers for infringing Valtrus's patents using its equipment, Valtrus sought to resolve its customer allegations directly with Vertiv. Valtrus made multiple attempts to resolve its disputes with Vertiv's customers throughout 2024 and 2025, and Vertiv consistently refused to engage. On February 5, 2026, Valtrus sent a final request to Vertiv to resolve its customers' infringement without litigation. Exhibit 3. Vertiv never responded.

23.     Because Evocative and Vertiv have refused to Valtrus's efforts to resolve this dispute without litigation, and Evocative has not provided any additional information about its

cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

24.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-23 of the Complaint.

25.     The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

26.     Evocative infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, Evocative has used cooling equipment from at least Vertiv and Trane to cool its data centers, and may have also used other cooling equipment from Stulz, DataAire, and Schneider Electric in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Evocative used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 4-7.

## SECOND CLAIM

### (Infringement of the '682 Patent)

27.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-23 of the Complaint.

28.     The '682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

29.     Evocative infringed the '682 Patent by performing methods of cooling its data centers prior to the expiration of the '682 Patent. As described above, Evocative has used cooling equipment from at least Vertiv and Trane to cool its data centers, and may have also used other cooling equipment from Stulz, DataAire, and Schneider Electric in a similar manner to perform

the claimed methods. Exemplary claim charts reflecting how Evocative used or may have used these products to infringe claim 1 of the '682 Patent are attached as Exhibits 8-11.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Evocative, as follows:

A.  That Evocative has infringed each of the Asserted Patents;

B.  That Evocative pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C.  That Evocative pay prejudgment and post-judgment interest on the damages assessed;

D.  That this is an exceptional case under 35 U.S.C. § 285; and that Evocative pay Plaintiffs' attorneys' fees and costs in this action; and

E.  That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: April 9, 2026

Respectfully submitted,

*/s/ Eric H. Findlay*

Connor S. Houghton
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

Matthew G. Berkowitz – LEAD ATTORNEY
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Patrick Colsher
Sean M. McCarthy
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys for Plaintiffs*

9